Van Jerome GAINES, Appellant,

v.

The STATE of Texas, Appellee.

No. 44845.

Court of Criminal Appeals of Texas.

May 3, 1972.

Kenneth L. Sanders, Houston, for appellant.

Carol. S. Vance, Dist. Atty., Phyllis Bell and James C. Larkin, Jr., Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for robbery by assault with punishment assessed by the jury at life.

The sufficiency of the evidence is not challenged.

■ Appellant's first ground of error is that the State " * * * improperly used a probated sentence that he had received in the punishment phase of the trial." He contends that since it was not a final judgment and had not been revoked, it could not be used against him. This contention is clearly without merit in view of Art. 37.07, § 3, Vernon's Ann.C.C.P., wherein paragraph A provides that at a hearing on the punishment, " * * * evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record is defined to mean a final conviction in a court of record or *a probated or suspended sentence* that has occurred prior to trial * * * " (Emphasis added). The probated sentence was not introduced for the purpose of an alleged enhancement but introduced as evidence of appellant's prior criminal record. See Glenn v. State, 442 S.W. 2d 360 (Tex.Cr.App.1969).

■ Appellant next contends that the State "improperly used unsupported evidence concerning gunfire allegedly attributed to the defendant." Appellant specifically complains wherein Officer Cromeens, on direct examination by the State testified as follows:

"He has got a pistol. At that time somebody fired. It wasn't me. I don't know where it come from. At that time that fellow ducked behind the fence and went through the apartments and that was when Officer Wells came upon the scene."

The record further reflects there was no objection made to this testimony. Where timely objection is not made, nothing is presented for review. Smith v. State, 437 S.W.2d 835 (Tex.Cr.App.1968); Martinez v. State, 437 S.W.2d 842 (Tex.Cr.App. 1969).

■ Appellant next complains that " * * * the jury impanelled at the time of trial was not one meeting the standards of the Sixth Amendment of the United States Constitution." His contention is that the 12 jurors selected were all white whereas appellant is a Negro. In his brief he states that appellant did not strike any prospective Negro jurors and therefore the State must have struck all prospective Negro jurors, thus resulting in a biased jury. There is nothing presented in the record, neither by inclusion of the jury selection list showing the peremptory challenges nor by a formal bill of exceptions or by any other method to sustain this contention. Errors which are not reflected by the record present nothing for review. Wood v. State, 440 S.W.2d 640 (Tex.Cr. App.1969); Walker v. State, 440 S.W.2d 653 (Tex.Cr.App.1969).

■ Appellant's fourth ground of error claims that the punishment assessed against the appellant was excessive and insupportable under the evidence. The punishment authorized by the legislature is confinement in the penitentiary for life or for a term of not less than five years. Art. 1408, Vernon's Ann.P.C. Punishment within the limits authorized by the statute does not constitute cruel and unusual punishment nor render the punishment excessive and insupportable.

There being no reversible error, the judgment is affirmed.