

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00042-CR

**JONATHAN DANIEL OCHOA,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2008-384-C1**

## MEMORANDUM  OPINION

Jonathan Daniel Ochoa pleaded guilty to four counts of aggravated robbery and

the trial court sentenced him to forty years in prison.  Ochoa's appellate counsel filed an

*Anders* brief presenting two potential issues.  *See Anders v. California*, 386 U.S. 738, 87 S.

Ct. 1396, 18 L. Ed. 2d 493 (1967).  Although informed of his right to do so, Ochoa did not

file a *pro se* brief.[1]  Nor did the State file a brief.  We affirm.

---

[1]     Ochoa filed a "Request for A Time-Cut" seeking a reduction of his sentence, but the motion is addressed to the trial court.  Even were the motion addressed to this Court, Ochoa's sentence falls within the applicable punishment range, as discussed below; thus, his motion would not present an arguable

## STANDARD OF REVIEW

In an *Anders* case, we must, "after a full examination of all the proceedings, []
decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400;
*accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991); *Coronado v. State*,
996 S.W.2d 283, 285 (Tex. App.—Waco 1999, order) (per curiam), *disp. on merits*, 25
S.W.3d 806 (Tex. App.—Waco 2000, pet. ref'd). An appeal is "wholly frivolous" or
"without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486
U.S. 429, 439 n.10, 108 S. Ct. 1895, 1902, 100 L. Ed. 2d 440 (1988). Arguments are
frivolous if they "cannot conceivably persuade the court." *Id*. at 426, 108 S. Ct. at 1901.
An appeal is not frivolous if based on "arguable grounds." *Stafford,* 813 S.W.2d at 511.

## POTENTIAL ISSUES

In two potential issues, appellate counsel addresses whether Ochoa's guilty plea
satisfied legal requirements and whether error occurred at the punishment phase.

### Guilty Plea

Several requirements must be satisfied before a trial court accepts the
defendant's guilty plea. Each of these requirements has been met in this case.

First, Ochoa pleaded guilty in open court and in person. *See* TEX. CODE CRIM.
PROC. ANN. art. 27.13 (Vernon 2006). He also signed a "Waiver of Jury Trial, Stipulation
of Evidence and Judicial Confession, and Felony Plea of Guilty."

---

basis for appeal. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) ("It is [] the general rule that as long as a sentence is within the proper range of punishment it will not be disturbed on appeal."); *see also Mendez v. State*, No. 05-02-01836-CR, 2003 Tex. App. LEXIS 10415, at *1-3 (Tex. App.—Dallas Dec. 11, 2003, no pet.) (not designated for publication) (In *Anders* case, Mendez's *pro se* response requesting a reduction of his sentence failed to raise an arguable issue on appeal.).

Second, all applicable admonishments are found in the judicial confession. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1)-(4), (d) (Vernon 2009). Ochoa confirmed his understanding of the admonishments and consequences of his plea, and defense counsel approved Ochoa's statements.[2] *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(d); *see also Jackson v. State*, 139 S.W.3d 7, 14 (Tex. App.—Fort Worth 2004, pet. ref'd).

Third, Ochoa waived his right to a jury trial, both in open court and in writing. TEX. CODE CRIM. PROC. ANN. art. 1.15 (Vernon 2005); *see* TEX. CODE CRIM. PROC. ANN. art. 1.13(a) (Vernon 2005). The State's attorney and the trial court signed the judicial confession and approved all waivers. *See* TEX. CODE CRIM. PROC. ANN. art. 1.13(a).

Fourth, in addition to properly admonishing Ochoa, the trial court signed a statement finding that Ochoa is mentally competent, understands the charges against him and the consequences of his plea, and that all "waivers, agreements, consents, and stipulations" were made freely and voluntarily. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(b); *see also Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) ("A finding that a defendant was duly admonished creates a prima facie showing that a guilty plea was entered knowingly and voluntarily.").

Finally, the State introduced the judicial confession to support the judgment of guilt. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15; *see also Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1980) ("[A] judicial confession, [s]tanding alone, is sufficient to sustain a conviction upon a guilty plea" and satisfy Article 1.15).

---

[2]    Article 26.13 contains a fifth admonishment, regarding registration requirements, that does not apply to Ochoa. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(5) (Vernon 2009).

Because all applicable legal requirements have been met, Ochoa cannot establish any error arising from the trial court's acceptance of his guilty plea.

## Punishment

Both the State and the defense admitted evidence at the punishment phase of trial, without objection. No objections were made nor any motions filed to challenge Ochoa's forty-year sentence. *See* TEX. R. APP. P. 33.1(a); *see also Steadman v. State*, 160 S.W.3d 582, 586 (Tex. App.—Waco 2005, pet. ref'd).

Nevertheless, Ochoa's punishment is within the applicable punishment range and the record does not suggest imposition of a predetermined sentence. *See* TEX. PEN. CODE ANN. § 29.03 (Vernon 2003); *see also* TEX. PEN. CODE ANN. § 12.42(c)(1) (Vernon Supp. 2009); *Ex parte Reposa*, AP-75,965, 2009 Tex. Crim. App. Unpub. LEXIS 725, at *41-43 (Tex. Crim. App. Oct. 28, 2009) (Sentence within middle of punishment range did not violate "gross-disproportionality principle embodied in the Eighth Amendment's Cruel and Unusual Punishments Clause"); *Brumit v. State*, 206 S.W.3d 639, 644-45 (Tex. Crim. App. 2006) (Record did not "reflect partiality of the trial court or that a predetermined sentence was imposed"); *Heck v. State*, 507 S.W.2d 737, 740 (Tex. Crim. App. 1974) (Sentence within the permissible range of punishment did not violate the Equal Protection Clause); *Gaines v. State*, 479 S.W.2d 678, 679 (Tex. Crim. App. 1972) ("Punishment within the limits authorized by the statute does not constitute cruel and unusual punishment nor render the punishment excessive and insupportable."). Thus, Ochoa cannot establish any error arising from the punishment phase of trial.

## INDEPENDENT REVIEW

Having conducted an independent review of the record, we find this appeal to be wholly frivolous. We affirm the judgment. Pursuant to Rule of Appellate Procedure 48.4, counsel must send Ochoa a copy of our decision by certified mail, return receipt requested, at Ochoa's last known address. TEX. R. APP. P. 48.4. Counsel must also notify Ochoa of his right to file a *pro se* petition for discretionary review. *Id.*; *see also Ex parte Owens*, 206 S.W.3d 670, 673-74 (Tex. Crim. App. 2006); *Villanueva v. State*, 209 S.W.3d 239, 249 (Tex. App.—Waco 2006, no pet.). We grant counsel's motion to withdraw, effective upon counsel's compliance with the aforementioned notification requirement as evidenced by "a letter [to this Court] certifying his compliance." *See* TEX. R. APP. P. 48.4.

FELIPE REYNA
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
     (Chief Justice Gray concurring with note)*
Affirmed
Opinion delivered and filed January 20, 2010
Do not publish
[CRPM]

* (Chief Justice Gray concurs in the judgment of the Court to the extent it affirms the trial court judgment. He does not join the opinion. A separate opinion will not issue. He notes, however, this is an *Anders* opinion only.)