ACCEPTED
03-14-00445-CR
5179055
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/6/2015 3:20:46 PM
JEFFREY D. KYLE
CLERK

**No. 03-14-00445-CR**

In the
**COURT OF APPEALS**
For the
**THIRD SUPREME JUDICIAL DISTRICT**
at Austin

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/6/2015 3:20:46 PM
JEFFREY D. KYLE
Clerk

_____

On Appeal from the County Court at Law Number 3
Williamson County, Texas
Cause Number 14-02154-2

_____

**Alicia Marie Midkiff, Appellant**
*v.*
**THE STATE OF TEXAS, Appellee**

_____

**MOTION TO WITHDRAW AS COUNSEL
WITH *ANDERS* BRIEF IN SUPPORT**

_____

*Counsel for Appellant*
*Alicia Marie Midkiff*

**Crystal D. Murray**
ATTORNEY AT LAW
SBN No. 24029611
1001 Cypress Creek Rd, Ste. 405
Cedar Park, Texas 78613
(512) 257-1010
(512) 257-0005 (FAX)
Crystal@cedarparklaw.com

# IDENTIFICATION OF PARTIES

Pursuant to Texas Rule of Appellate Procedure 38.1, a complete list of the names of all interested parties is provided below so the members of this Honorable Court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of this case.

**Appellant:**

Alicia Marie Midkiff

**Counsel for Appellant**:

Todd Ver Weire
1000 Heritage Center Circle
Round Rock, Texas 78664

Crystal D. Murray (on appeal)
1001 Cypress Creek Rd, Ste. 405
Cedar Park, Texas 78613

**Counsel for Appellee, The State of Texas:**

Doyle "Dee" Hobbs, Jr.
Williamson County Attorney

Stephanie Maugham (at trial)
James LaMarca (on appeal)
Assistant County Attorneys
405 Martin Luther King Blvd.
Georgetown, Texas 78626

**Trial Court Judge:**

The Honorable Doug Arnold
Presiding Judge
County Court at Law Number Three

# TABLE OF CONTENTS

IDENTIFICATION OF PARTIES………………………………………....2

TABLE OF CONTENTS…………………………………………...4

INDEX OF AUTHORITIES………………………………………..5

STATEMENT OF THE CASE…………………………………….7

STATEMENT OF FACTS………………………………………....8

ISSUE PRESENTED…………………………………………...11
>>>>>>>>>>>>>>>>>>>>**Whether the instant appeal is frivolous and without merit, such that the undersigned should withdraw as counsel.**

PROFESSIONAL EVALUATION……………………………….13

POTENTIAL ERRORS CONSIDERED BY COUNSEL…………………...15

CONCLUSION…………………………………………...17

NOTICE TO APPELLANT…………………………………………17

PRAYER………………………………………………..17

CERTIFICATE OF SERVICE…………………………………....18

CERTIFICATE OF WORD COUNT………………………………..19

# INDEX OF AUTHORITIES

**FEDERAL CASES**

*Anders v. California*, 386 U.S. 738 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*McCoy v. Court of Appeals of Wisconsin, District I*, 486 U.S. 429 (1988). . 11, 13

**TEXAS CASES**

*Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010)....................................15

*Gaines v. State*, 479 S.W.2d 678 (Tex. Crim. App. 1972) . . . . . . . . . . . . . . .15, 16

*Hawkins v. State*, 112 S.W.3d 340 (Tex. App. - Corpus Christi 2003) . . . . . . . . 13

*Jordan v. State,* 495 S.W.2d 949 (Tex. Crim. App. 1973) . . . . . . . . . . . . . .15, 16

*Montgomery v. State,* 810 S.W.2d 372 (Tex. Crim. App. 1991)....................14, 16

*Samuel v. State*, 477 S.W.2d 611 (Tex. Crim. App. 1972) . . . . . . . . . . . . . 15, 16

*Wilson v. State*, 40 S.W.3d 192 (Tex. App. – Texarkana 2001).. . . . . . . . . . . . 12

**STATUTES AND RULES**

Tex. Penal Code §12.21.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Tex. Penal Code §22.01.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## **STATEMENT REGARDING ORAL ARGUMENT**

Pursuant to Texas Rule of Appellate Procedure 39.1, Oral argument is not applicable in the present case.

**No. 03-14-00445-CR**

In the
**COURT OF APPEALS**
For the
**THIRD SUPREME JUDICIAL DISTRICT**
at Austin

_____

On Appeal from the County Court at Law Number Three
Williamson County, Texas
Cause Number 14-02154-2

_____

**ALICIA MARIE MIDKIFF, Appellant**
*v.*
**THE STATE OF TEXAS, Appellee**

_____

**MOTION TO WITHDRAW AS COUNSEL
WITH *ANDERS* BRIEF IN SUPPORT**

_____


**STATEMENT OF THE CASE**

On July 9, 2014, Appellant pleaded not guilty to the misdemeanor offense of assault with bodily injury-family violence. (2 R.R. at 5). On the same day, the jury trial commenced. (2 R.R. at 18). On July 10, 2014, a jury found the Appellant guilty of the charged offense. (1 C.R. at 67). The Appellant waived

7

jury sentencing and elected for the Court to assess punishment. (1 C.R. at 68) On the same day, the Appellant and the State agreed to a plea bargain for 225 days confinement in the Williamson County Jail. (3 R.R. at 63). After a sentencing hearing, the Court sentenced Appellant to 225 days confinement in the county jail. (1 C.R. at 71).. Appellant timely filed Notice of Appeal on July 15, 2014. (1 C.R. at 72). This appeal results.

## STATEMENT OF FACTS

On March 14, 2014, Cole Smith, Brooke Reiman, several of Ms. Reiman's friends from College Station, and the Appellant drove to Maggiore's restaurant in Cedar Park, Texas to watch the a college basketball game. (2 R.R. at 112-113). At the time, the Appellant, Cole Smith, Brooke Reiman, and another young man named Preston were roommates in an apartment located in Cedar Park. (2 R.R. at 155). While at Maggiore's, the Appellant began drinking margaritas. (2 R.R. at 113). While Mr. Smith stayed inside the restaurant, the Appellant, Ms. Reiman, and the other guests, stepped outside to smoke. (2 R.R. at 114). While outside smoking, the Appellant urinated on herself. (2 R.R. at 136). The group abruptly

8

paid their checks, and began walking out, laughing about an unrelated incident. (2 R.R. at 137). Appellant, assuming the laughter was directed at her, became belligerent with the group. (2 R.R. at 115).

While driving back to the shared apartment, the Appellant continued to confront Ms. Reiman about whether or not Ms. Reiman had a problem with Appellant's behavior. (2 R.R. at 140). Ms. Reiman confirmed that she was embarrassed by Appellant's behavior in public. *Id.* After arriving at the apartment, and while Mr. Smith was outside with the dogs, Ms. Reiman requested that the Appellant pack her belongings and move out of the apartment. Appellant walked to the hallway towards her room, and Ms. Reiman attempted to let another dog out of its kennel. Appellant approached Ms. Reiman, struck her with her palm, and grabbed her shirt. Ms. Reiman struck the Appellant back 2-4 times. Ms. Reiman testified that the first strike landed under her right cheekbone, causing redness and swelling. (2 R.R. at 142-144). When Mr. Smith arrived back inside the apartment, he did not observe who started the fight, but did see Ms. Reiman punch the Appellant. (2 R.R. at 130). Mr. Smith separated the women, and while Ms. Reiman stayed in her bedroom, the Appellant left the

apartment in her car.  (2 R.R. at 151).  When officers from the Cedar Park Police Department arrived, Officer Kitchens observed Ms. Reiman's torn shirt and swollen cheek.  (2 R.R. at 165).

Another CPPD officer, Sergeant Mauer saw the Appellant's car a short distance from the apartment and pulled her over.  (3 R.R. at 30).  Prior to Sgt. Mauer's testimony, defense counsel requested several redactions to Sgt. Mauer's patrol video, and the court granted defense counsel's request.  Several sections of superfluous background discussions, any allegations to driving while intoxicated, references to attending court, and criminal history checks on witnesses were redacted.  After the court granted defense counsel's redaction requests, counsel objected to the patrol video in its redacted entirety as more prejudicial than probative to the Appellant in its redacted state.  The court denied the Appellant's motion to exclude the video, stating that the redacted version was at the defense counsel's request.  (3 R.R. at 6-14).

While speaking with Sgt. Mauer, the Appellant alternated between crying and remaining calm.  (3 R.R. at 35).  Before Sgt. Mauer explained to the Appellant the reason for the stop, the Appellant repeatedly stated that "everybody

was lying" and to "take her to jail."  (3 R.R at 35-36).  She was subsequently arrested for Assault with Bodily Injury-Family Violence.

## ISSUE PRESENTED

**Whether the Instant Appeal Is Frivolous and Without Merit, Such That the Undersigned Should Withdraw as Counsel.**

A criminal defense attorney's duty is to zealously represent the interests of his or her client on appeal.  *Anders v. California*, 386 U.S. 738, 744 (1967).  If the appointed attorney finds the "case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."  *Anders*, 386 U.S. at 744.

Both retained and appointed appellate attorneys have a "duty to withdraw" as counsel when they conclude that an appeal would be frivolous, but appointed counsel "is presented with a dilemma because withdrawal is not possible without leave of court, and advising the court of counsel's opinion that the appeal is frivolous would appear to conflict with the advocate's duty to the client."  *McCoy v. Court of Appeals of Wisconsin, District I*, 486 U.S. 429, 437 (1988).  "It is well

11

settled, however, that this dilemma must be resolved by informing the court of counsel's conclusion." *Id.* "Under *Anders* and its progeny, if an appointed attorney concludes that his client's appeal is without merit, he or she must (1) so inform the court, (2) seek permission to withdraw, and (3) file a brief 'referring to anything in the record that might arguably support the appeal.'" *Wilson v. State*, 40 S.W.3d 192, 196 (Tex. App. - Texarkana 2001).

As the Supreme Court explained, the attorney's motion to withdraw must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. *Anders*, 386 U.S. at 744. A copy of counsel's brief should be provided to the Appellant and time should be allowed for him to raise any points that he chooses. *Id*. Then, the Court, and not counsel, decides, after a full examination of all the proceedings, whether the case is wholly frivolous. *Id.* If it so finds, it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. *Anders*, 386 U.S. at 744. In Texas, an *Anders* brief need not specifically advance "arguable" points of error if counsel finds none, but it must provide record references to the facts and procedural history and

set out pertinent legal authorities. *See Hawkins v. State*, 112 S.W.3d 340, 343-344 (Tex. App.–Corpus Christi 2003). The attorney's duty to withdraw is based upon his or her professional and ethical responsibilities as an officer of the court not to burden the judicial system with false claims, frivolous pleadings, or burdensome time demands. *McCoy*, 486 U.S. at 436. The Supreme Court instructs: "Neither paid nor appointed counsel may deliberately mislead the court with respect to either the facts or the law, or consume the time and the energies of the court or the opposing party by advancing frivolous arguments. An attorney, whether appointed or paid, is therefore under an ethical obligation to refuse to prosecute a frivolous appeal." *Id.*

## PROFESSIONAL EVALUATION

Counsel would respectfully show the Court of Appeals that the instant appeal is frivolous and without merit, for the following reasons:

The trial court had jurisdiction over the present misdemeanor case and venue was proper in Williamson County, where the offense was alleged to have occurred. The records reflects ample testimony supporting the Appellant's

conviction for Assault with Bodily Injury--Family Violence. There was no contradictory testimony that Appellant became belligerent with Ms. Reiman and intentionally struck Ms. Reiman in the face, causing bodily injury TEX. PENAL CODE §22.01.

Defense counsel successfully argued for a large number of redactions from Sgt. Mauer's patrol video. All references to anything that would have been more prejudicial than probative to the Appellant, or bolstering of the State's witnesses were removed from the audio portion of the video prior to publishing the jury. There are no allegations that the State failed to redacted any of the requested redactions. (3 R.R.). A trial court does not abuse its discretion by admitting evidence if its decision to do so is reasonable. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991).

The punishment for that offense, as alleged in the information, is that of a class A misdemeanor. TEX. PENAL CODE §22.01(b). After pleading not guilty, hearing witness testimony, and reviewing photographic and video testimony, the trial court assessed punishment at 225 days in the county jail, within the statutory range of punishment for the offense. TEX. PENAL CODE §12.21. A punishment

which falls within the statutory range is not excessive, cruel, or unusual punishment. *Gaines v. State*, 479 S.W.2d 678, 679 (Tex. Crim. App. 1972). *See also Jordan v. State* 495 S.W.2d 949, 952 Tex. Crim. App. 1973; *Samuel v. State*, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972).

## POTENTIAL ERRORS CONSIDERED BY COUNSEL

Counsel considered the following point of errors on appeal:

(1)   Whether the evidence was sufficient to support Appellant's conviction.

It is counsel's opinion that the evidence in this case was sufficient to support Appellant's conviction because Appellant witnesses testified that the Appellant argued and confronted Ms. Reiman, Mr. Smith observed Appellant in a fight with Ms. Reiman, and three witnesses testified that Ms. Reiman had a swollen cheekbone and torn shirt. Furthermore, Appellant requested to be taken to jail, and accused the others of lying before Sgt. Mauer explained the reason for the stop. In reviewing legal sufficiency, the court shall review "in the light most favorable to the verdict." *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010). There is ample evidence to support the Appellant's verdict.

(2) Whether the trial court erred by admitted the patrol video of Sgt. Mauer with the redactions requested by the defense.

It is counsel's opinion that the trial court did not err in admitting Sgt. Mauer's redacted patrol video. The trial court granted all of the defense requests for redactions and there were no allegations that the State failed to comply with those requests. A trial court does not abuse its discretion by admitting evidence if its decision to do so is reasonable. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991).

(3) Whether Appellant's punishment was excessive.

It is counsel's opinion that the punishment assessed by the trial court was not excessive because Appellant's punishment fell within the statutory punishment range for a Class A misdemeanor offense. A punishment which falls within the statutory range is not excessive, cruel, or unusual. *Gaines v. State*, 479 S.W.2d 678, 679 (Tex. Crim. App. 1972). *See also Jordan v. State* 495 S.W.2d 949, 952 Tex. Crim. App. 1973; *Samuel v. State*, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972).

## CONCLUSION

There are no points of error which, in good conscience, could be raised in this appeal.

## NOTICE TO APPELLANT

The undersigned has forwarded a copy of this motion to withdraw and a letter explaining Appellant's rights, as well as the procedures to be followed when a brief is filed by counsel indicating that the appeal is frivolous and without merit, to Appellant. The letter also informs Appellant of his right to file a *pro se* petition for discretionary review. In addition to the letter, the undersigned has also forwarded to Appellant a Motion for *Pro Se* Access to the Appellate Record so that Appellant can obtain the necessary records to file a brief, should he choose to do so. A true and correct copy of such letter is attached hereto.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Crystal D. Murray,

court-appointed counsel for Appellant in the above styled and numbered cause respectfully prays that, after providing Appellant an opportunity to submit a *pro se* brief, this Honorable Court of Appeals will review the appellate record to make an independent determination of whether there are grounds upon which to appeal. The undersigned also prays that the Court will grant this motion to withdraw.

Respectfully submitted,

_____/s/Crystal D. Murray_____
Crystal D. Murray
State Bar Number 24029611
1001 Cypress Creek Rd. Ste. 405
Cedar Park, Texas 78641
(512) 257-1010
(512) 257-0005 (fax)
crystal@cedarparklaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion to Withdraw as Counsel with *Anders* Brief in Support has been emailed to the Williamson County Attorney's Office, via James LaMarca,

jlamarca@wilco.org on May 6, 2015.

_____/s/ Crystal D. Murray_____
Crystal D. Murray

## CERTIFICATE OF WORD COUNT

The undersigned hereby certifies that the foregoing document consists of 2,685 words in compliance with Texas Rule of Appellate Procedure 9.4.

_____/s/ Crystal D. Murray____
Crystal D. Murray