ACCEPTED
13-15-00302-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
11/20/2015 2:33:36 PM
Dorian E. Ramirez
CLERK

**No. 13-15-00302-CR**

In the
**COURT OF APPEALS**
For the
**THIRTEENTH SUPREME JUDICIAL DISTRICT**
at Corpus Christi

FILED
RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
11/20/2015 2:33:36 PM
DORIAN E. RAMIREZ
Clerk

_____

On Appeal from the 368th Judicial District Court of
Williamson County, Texas
Cause Number 08-163-K368

_____

**CLARENCE WILLIAM MCCLURE, Appellant**
*v.*
**THE STATE OF TEXAS, Appellee**

_____

AMENDED *ANDERS* **BRIEF IN SUPPORT**
**IN SUPPORT OF COUNSEL'S MOTION TO WITHDRAW**

_____

*Counsel for Appellant*
*Clarence William McClure*

**KRISTEN JERNIGAN**
ATTORNEY AT LAW
STATE BAR NUMBER 90001898
207 S. AUSTIN AVE.
GEORGETOWN, TEXAS 78626
(512) 904-0123
(512) 931-3650 (FAX)
Kristen@txcrimapp.com

# IDENTIFICATION OF PARTIES

Pursuant to Texas Rule of Appellate Procedure 38.1, a complete list of the names of all interested parties is provided below so the members of this Honorable Court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of this case.

**Appellant:**

Clarence William McClure

**Counsel for Appellant**:

Adam Blackwell Reposa (at trial)
1106 San Antonio
Austin, Texas 78701

Kristen Jernigan (on appeal)
207 S. Austin Ave.
Georgetown, Texas 78626

**Counsel for Appellee, The State of Texas:**

Michaela Alvarado (at trial)
Danny Smith (at trial)
John Prezas (on appeal)
Williamson County
Assistant District Attorneys
405 Martin Luther King
Georgetown, Texas 78626

**Trial Court Judge:**

The Honorable Rick Kennon
368th Judicial District Court

# TABLE OF CONTENTS

IDENTIFICATION OF PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .iv

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . .v

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

ISSUE PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

PROFESSIONAL EVALUATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

POTENTIAL ERRORS CONSIDERED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

NOTICE TO APPELLANT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

CERTIFICATE OF WORD COUNT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

CERTIFICATE OF COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

# INDEX OF AUTHORITIES

**FEDERAL CASES**

*Anders v. California*, 386 U.S. 738 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7

*McCoy v. Court of Appeals of Wisconsin, District I*, 486 U.S. 429 (1988). . . . . . . 6

**TEXAS CASES**

*Gaines v. State*, 479 S.W.2d 678 (Tex. Crim. App. 1972) . . . . . . . . . . . . . . . . . .10

*Hawkins v. State*, 112 S.W.3d 340 (Tex. App. - Corpus Christi 2003) . . . . . . . . . . 8

*Jordan v. State,* 495 S.W.2d 949 (Tex. Crim. App. 1973) . . . . . . . . . . . . . . . . . .10

*Samuel v. State*, 477 S.W.2d 611 (Tex. Crim. App. 1972) . . . . . . . . . . . . . . . . . .10

*Wilson v. State*, 40 S.W.3d 192 (Tex. App. – Texarkana 2001). . . . . . . . . . . . . . . 6

**STATUTES AND RULES**

TEX. PENAL CODE § 22.02(b)(2)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

TEX. R. APP. P. 38.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TEX. R. APP. P. 39.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Texas Rule of Appellate Procedure 39.1, Oral argument is not applicable in the present case.

In the
**COURT OF APPEALS**
for the
**THIRTEENTH SUPREME JUDICIAL DISTRICT**
at Corpus Christi

_____

On Appeal from the 368th Judicial District Court of
Williamson County, Texas
Cause Number 08-0163-K368

_____

**CLARENCE WILLIAM MCCLURE, Appellant**
*v.*
**THE STATE OF TEXAS, Appellee**

_____

*ANDERS* **BRIEF IN SUPPORT**
**OF MOTION TO WITHDRAW AS COUNSEL**

_____

## STATEMENT OF THE CASE

On June 25, 2008, Appellant was indicted for one count of the first-degree felony offense of aggravated assault on a public servant and one count of the state jail felony offense of possession of a controlled substance. (CR: 10). On October 15, 2008, Appellant pleaded guilty to count one of the indictment, aggravated assault on a public servant, and, pursuant to a plea agreement, the trial court deferred a finding on Appellant's guilt. (CR: 22). Appellant was sentenced to

eight years' deferred adjudication probation and a $2,500.00 fine. (CR: 12, 22). As a condition of probation, Appellant was sent to SAFPF. (CR: 20). Also on October 15, 2008, Appellant pleaded guilty to count two of the indictment, possession of a controlled substance, and, pursuant to a plea agreement, Appellant was sentenced to 319 days in state jail with credit for time served. (CR: 25).

On April 30, 2014, the State filed its Original Motion to Adjudicate. (CR: 28). On April 22, 2015, the State filed an Amended Motion to Adjudicate. (CR: 40). On May 5, 2015, the State filed a Second Amended Motion to Adjudicate. (CR: 47). On May 28, 2015, a hearing was held on the State's Second Amended Motion to Adjudicate. (CR: 54). At the conclusion of the hearing, the Court adjudicated Appellant's guilt on count one of the indictment and sentenced him to ten years in prison. (CR: 54). Appellant timely filed notice of appeal on June 1, 2015. (CR: 52). This appeal results.

## STATEMENT OF FACTS

The State's Second Amended Motion to Adjudicate alleged eleven violations of Appellant's probation. (CR: 48-49). Appellant pleaded guilty to three of those violations and the State waived the rest of the alleged violations. (RR2: 9-13, 15). Based on Appellant's pleas of true, the Court found that the three allegations alleged in the State's Second Amended Motion to Adjudicate that

2

Appellant pleaded true to were, in fact, true. (RR2: 15). The Court then proceeded to the punishment phase of the hearing. (RR2: 15).

Angela Brast, a probation officer and pre-sentence investigation report writer with the Williamson County Adult Probation Department, testified that she prepared a pre-sentence investigation on Appellant on October 31, 2008. (RR2: 18-20, 25). Her investigation revealed that regarding the underlying offense in this case, Appellant did not remember anything about the events of the alleged offense because he was under the influence of PCP and woke up in a hospital. (RR2: 20). Appellant also acknowledged that he had a "serious drug problem" and needed treatment. (RR2: 20-21). On cross-examination, Brast acknowledged that Appellant had completed treatment at the Central Texas Treatment Center in 2000 and completed treatment at SAFPF in 2007 and 2008. (RR2: 27).

Rose Perez, an officer with the Austin Police Department, testified that on October 13, 2007, she was responding to a call when she heard a loud collision near highway 183 in Travis County. (RR2: 31). Perez traveled to the location and found a truck and a car that had been in an accident. (RR2: 32). Appellant was behind the wheel of the truck and Perez saw him move his hands to underneath the dashboard so she drew her weapon and pointed it at him. (RR2:

33-34). Perez asked Appellant to show his hands and got him out of the truck. (RR2: 35). Appellant was disoriented and could not focus. (RR2: 37). Perez told Appellant to lie down on the ground but when he failed to do so, she tased him. (RR2: 37-38). A normal taser contact is five seconds, but Perez tased Appellant for twenty-nine seconds. (RR2: 38). Appellant was able to pull the leads from the taser out of his body and he ran off. (RR2: 39). Appellant was eventually detained and taken into custody. (RR2: 39-40). On cross-examination, Perez admitted that she did not investigate the collision so she did not know who caused the collision. (RR2: 42-43). Perez admitted further that Appellant did not do anything aggressive when she encountered him and she never saw or found a gun. (RR2: 44-45, 49).

Aaron White, an officer with the Georgetown Police Department, testified that on November 21, 2007, he responded to a call of an accident with injuries. (RR2: 56). When he arrived, White observed a car that had hit a tree. (RR2: 57). Appellant was the driver of the car and when White approached, he instructed Appellant to turn the car off and exit the vehicle. (RR2: 60). However, Appellant put the car in reverse and backed it up several feet. (RR2: 60). When he did, the car door of the vehicle stuck White in his arm and leg and knocked him back several feet. (RR2: 60-61). Appellant was pulled out of the

4

vehicle and then resisted responding officers' attempts at placing handcuffs on him. (RR2: 64-65). One of the officers then tased Appellant. (RR2: 65). On cross-examination, White admitted that Appellant was not arrested at the scene, but rather, was released to his mother. (RR2: 68, 73). White admitted further that the car door, in the manner in which it was used, would not cause serious bodily injury or death. (RR2: 69, 75).

Brandon Moxley, an officer with the Austin Police Department, testified that on October 18, 2013, he responded to an urgent welfare check and when he arrived, he observed another officer who had Appellant laying on the ground in the street next to a truck. (RR2: 84). Appellant was initially unconscious but eventually woke up. (RR2: 87). Moxley searched the truck and found a baby bottle with purple liquid in it. (RR2: 87). Appellant was disoriented but, according to Moxley, Appellant admitted to driving the vehicle. (RR2: 90).

The State then offered judgments from eleven prior convictions. (RR2: 95-97).

## ISSUE PRESENTED

**Whether the Instant Appeal Is Frivolous and Without Merit, Such That the Undersigned Should Withdraw as Counsel.**

A criminal defense attorney's duty is to zealously represent the interests of his or her client on appeal. *Anders v. California*, 386 U.S. 738, 744 (1967). If

the appointed attorney finds the "case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Anders*, 386 U.S. at 744.

Both retained and appointed appellate attorneys have a "duty to withdraw" as counsel when they conclude that an appeal would be frivolous, but appointed counsel "is presented with a dilemma because withdrawal is not possible without leave of court, and advising the court of counsel's opinion that the appeal is frivolous would appear to conflict with the advocate's duty to the client." *McCoy v. Court of Appeals of Wisconsin, District I*, 486 U.S. 429, 437 (1988). "It is well settled, however, that this dilemma must be resolved by informing the court of counsel's conclusion." *Id.* "Under *Anders* and its progeny, if an appointed attorney concludes that his client's appeal is without merit, he or she must (1) so inform the court, (2) seek permission to withdraw, and (3) file a brief 'referring to anything in the record that might arguably support the appeal.'" *Wilson v. State*, 40 S.W.3d 192, 196 (Tex. App. - Texarkana 2001).

As the Supreme Court explained, the attorney's motion to withdraw must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. *Anders*, 386 U.S. at 744. A copy of counsel's brief should be provided to the Appellant and time should be allowed for him to raise

any points that he chooses. *Id.* Then, the Court, and not counsel, decides, after a full examination of all the proceedings, whether the case is wholly frivolous. *Id.* If it so finds, it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. *Anders*, 386 U.S. at 744. In Texas, an *Anders* brief need not specifically advance "arguable" points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities. *See Hawkins v. State*, 112 S.W.3d 340, 343-344 (Tex. App.–Corpus Christi 2003). The attorney's duty to withdraw is based upon his or her professional and ethical responsibilities as an officer of the court not to burden the judicial system with false claims, frivolous pleadings, or burdensome time demands. *McCoy*, 486 U.S. at 436. The Supreme Court instructs: "Neither paid nor appointed counsel may deliberately mislead the court with respect to either the facts or the law, or consume the time and the energies of the court or the opposing party by advancing frivolous arguments. An attorney, whether appointed or paid, is therefore under an ethical obligation to refuse to prosecute a frivolous appeal." *Id.*

## PROFESSONAL EVALUATION

Counsel would respectfully show the Court of Appeals that the instant appeal is frivolous and without merit, for the following reasons:

The trial court had jurisdiction over the present felony case and venue was proper in Williamson County, where the offenses were alleged to have occurred. Appellant pleaded guilty to the first-degree felony offense of aggravated assault on a public servant and was originally sentenced to eight years' deferred adjudication probation and a $2,500.00 fine. Upon adjudication of Appellant's guilt, the trial court sentenced Appellant to ten years in prison, which is within the proper range of punishment for a first-degree felony offense. TEX. PENAL CODE § 22.02(b)(2)(B).

## POTENTIAL ERRORS CONSIDERED BY COUNSEL

Counsel considered the following point of errors on appeal:

(1)     Whether the evidence was sufficient to support the trial court's revocation of Appellant's probation.

It is counsel's opinion that the evidence in this case was sufficient to support the trial court's decision to revoke Appellant's probation because Appellant pleaded true to the probation violations alleged by the State. It is well-settled that a judicial confession, standing alone, is sufficient to support a defendant's conviction. *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1980).

8

(2)    Whether Appellant's pleas of true were voluntarily and knowingly made.

It is Counsel's opinion that Appellant's pleas of true were voluntarily and knowingly entered based on the following exchange:

THE COURT: Okay. Mr. McClure, let's talk about that a little bit. I know that out of the, looks like, one, two, three, four -- there are 11 -- looks like 11 allegations contained in the State's second amended motion to adjudicate. You have pled true to three of those allegations. And I'm sure your attorney has advised you, based on his comments, that you understand that by entering a plea of true to those allegations, that that allows me, then, to find you in violation of your deferred adjudication probation, and I can adjudicate your defense and find you guilty, and then you're subject to the full range of punishment. Do you understand that?

[APPELLANT]: Yes, Your Honor, I do.

[TRIAL COUNSEL]: And the other thing, Judge, is I've also advised him that the Court also had the option, even with a plea of true, to decide to continue a person on probation.

THE COURT: That is correct.

[TRIAL COUNSEL]: Okay.

THE COURT: It's got the full range. I could leave you on deferred adjudication, I could find you guilty and sentence you -- put you on a regular probation, or I can sentence you to a term of prison. Do you understand that?

9

[APPELLANT]:         Yes, sir.

(RR2: 13-14).

(3)    Whether Appellant's sentence exceeded the proper range of punishment.

It is counsel's opinion that the punishment assessed was not excessive because Appellant's punishment fell within the statutory punishment range for the offense alleged.   A punishment which falls within the statutory range is not excessive, cruel, or unusual.   *Gaines v. State*, 479 S.W.2d 678, 679 (Tex. Crim. App. 1972). *See also Jordan v. State* 495 S.W.2d 949, 952 Tex. Crim. App. 1973; *Samuel v. State*, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972).

## SUMMARY OF THE ARGUMENT

Undersigned counsel originally efiled this *Anders* brief on November 6, 2015.   The undersigned was then contacted by the Court and told that the brief would not be filed because it did not contain a Summary of the Argument or Argument section.   The undersigned explained that this is an *Anders* brief, and so neither section are required or are appropriate.   However, the representative of the Court directed the undersigned to include the sections nonetheless.

## ARGUMENT

Undersigned counsel originally efiled this *Anders* brief on November 6, 2015.   The undersigned was then contacted by the Court and told that the brief

10

would not be filed because it did not contain a Summary of the Argument or Argument section. The undersigned explained that this is an *Anders* brief, and so neither section are required or are appropriate. However, the representative of the Court directed the undersigned to include the sections nonetheless.

## CONCLUSION

There are no points of error, which, in good conscience, could be raised in this appeal.

## NOTICE TO APPELLANT

The undersigned has forwarded a copy of this motion to withdraw and a letter explaining Appellant's rights, as well as the procedures to be followed when a brief is filed by counsel indicating that the appeal is frivolous and without merit, to Appellant. The letter also informs Appellant of his right to file a *pro se* petition for discretionary review. In addition to the letter, the undersigned has also forwarded to Appellant a Motion for *Pro Se* Access to the Appellate Record so that Appellant can obtain the necessary records to file a brief, should he choose to do so. A true and correct copy of such letter is attached hereto.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Kristen Jernigan, court-appointed counsel for Appellant in the above styled and numbered cause respectfully prays that, after providing Appellant an opportunity to submit a *pro se* brief, this Honorable Court of Appeals will review the appellate record to make an independent determination of whether there are grounds upon which to appeal. The undersigned also prays that the Court will grant this motion to withdraw.

Respectfully submitted,

_____/s/ Kristen Jernigan_____
KRISTEN JERNIGAN
State Bar Number 90001898
207 S. Austin Ave.
Georgetown, Texas 78626
(512) 904-0123
(512) 931-3650 (fax)
Kristen@txcrimapp.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing *Anders* Brief in Support of Motion to Withdraw as Counsel has been emailed to the Appellate Attorney for the Williamson County District Attorney's Office, John Prezas, at jprezas@wilco.org on November 20, 2015.

_____/s/ Kristen Jernigan_____
Kristen Jernigan

## CERTIFICATE OF WORD COUNT

The undersigned hereby certifies that the foregoing document consists of 4,184 words in compliance with Texas Rule of Appellate Procedure 9.4.


_____/s/ Kristen Jernigan_____
Kristen Jernigan

In the
**COURT OF APPEALS**
For the
**THIRD SUPREME JUDICIAL DISTRICT**
at Austin

—————————————————————————

On Appeal from the 368th Judicial District Court of
Williamson County, Texas
Cause Number 08-163-K368

—————————————————————————

**CLARENCE WILLIAM MCCLURE, Appellant**
*v.*
**THE STATE OF TEXAS, Appellee**

—————————————————————————

**CERTIFICATE OF COUNSEL**

—————————————————————————

In compliance with the requirements of *Anders v. California*, 386 U.S. 378

(1967), I, Kristen Jernigan, court-appointed counsel for appellant, Clarence

William McClure, in the above-referenced appeal, do hereby verify, in writing, to

the Court that I have:

1. notified appellant that I filed a motion to withdraw as counsel with an

accompanying *Anders* brief, and provided a copy of each to appellant;

2. informed appellant of his right to file a *pro se* response identifying what

he believes to be meritorious grounds to be raised in his appeal, should he so

14

desire;

3. advised appellant of his right to review the appellate record, should he wish to do so, preparatory to filing that response;

4. explained the process for obtaining the appellate record, provided a Motion for *Pro Se* Access to the Appellate Record lacking only appellant's signature and the date, and provided the mailing address for this Court; and

5. informed appellant of his right to seek discretionary review *pro se* should this Court declare his appeal frivolous.

Respectfully submitted,

/s/ Kristen Jernigan

_____
Kristen Jernigan