

In The

Court of Appeals

Seventh District of Texas at Amarillo

No. 07-21-00102-CR

TANNER DALE SIMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Hall County, Texas,
Trial Court No. 4068, Honorable Stuart Messer, Presiding

July 31, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

On January 21, 2021, Appellant, Tanner Dale Sims, pled guilty to the offense of aggravated robbery—enhanced with a prior felony conviction,[1] and was sentenced to five years' deferred adjudication community supervision with conditions. Appellant stipulated and confessed to the truth of the following facts used as evidence:

---

[1] *See* TEX. PENAL CODE ANN. § 29.03(a), (b) (a first-degree felony); § 12.42(b) (enhancement to felony in the first degree if defendant has previously been convicted of a felony, subject to certain exceptions not applicable here).

On or about the [] 23rd day of July, 2020, in Hall County, Texas, did then and there, while in the course of committing theft of property and with intent to obtain or maintain control of the property, intentionally or knowingly threaten or place Johnny Brown in fear of imminent bodily injury or death, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a firearm.

ENHANCEMENT NOTICE: it is further presented in and to said Court that, prior to the commission of the primary substantive offense(s) as alleged in the indictment in this case that the Defendant, Tanner Dale Sims, was finally convicted of the felony offense of aggravated assault with a deadly weapon in the 100th District Court of Childress County, Texas, in Cause Number 5446 on the 17th day of September, 2012.

Forty-eight days later, on March 10, 2021, the State filed a motion to revoke Appellant's community supervision and adjudicate guilt alleging Appellant had violated the terms of his community supervision by (1) consuming marijuana, methamphetamine, and amphetamine; (2) associating with a person of harmful or disreputable character; (3) failing to notify his Community Supervision Officer (CSO) of his change in residence; (4) failing to remain within the supervising county; and (5) leaving the supervising county on two occasions without his CSO's permission.

On April 23, 2021, the trial court conducted a hearing on the State's motion to adjudicate; Appellant pleaded "true" to the State's allegations. At the hearing's conclusion, the trial court found Appellant violated each of the terms of community supervision identified above; it convicted Appellant of the offense of aggravated robbery, finding there was a deadly weapon involved in the offense. The trial court also found the State's enhancement allegations "true" and assessed punishment as confinement for forty-five years.

On appeal, Appellant asserts his sentence (1) does not comply with the statutory objectives of the Texas Penal Code; *see* TEX. PENAL CODE ANN. § 1.02, and (2) constitutes

2

cruel and unusual punishment. In his brief, he also candidly admits his sentence falls midway between the applicable statutory range of punishment. We affirm.

Analysis

To preserve error, a defendant must make a timely request, objection, or motion to the trial court. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). Constitutional rights, including the right to be free from cruel and unusual punishment, may be waived by a failure to raise those issues in the trial court. *Russell v. State*, 341 S.W.3d 526, 527 (Tex. App.—Fort Worth 2011, no pet.). *See Castaneda*, 135 S.W.3d at 723. An objection whether a trial court's sentence meets the objectives of section 1.02 of the Texas Penal Code may also be waived by a failure to raise such an objection in the trial court. *See Littlebird v. State*, No. 05-17-00709-CR, 2018 Tex. App. LEXIS 4140, at *6–8 (Tex. App.—Dallas 2018, no pet.) (mem. op., not designated for publication).

Appellant made no objection at the time sentence was imposed. Nor did he raise these issues in a motion for new trial. Accordingly, Appellant did not preserve these complaints for our review. Moreover, a trial court's assessment of punishment within the statutory range for an offense is generally within the court's sound discretion.[2] Such punishment neither constitutes cruel and unusual punishment nor "render[s] the punishment excessive and insupportable."[3]

---

[2] *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).

[3] *Ex parte Reposa*, No. AP-75,965, 2009 Tex. Crim. App. Unpub. LEXIS 725, at *40 (Crim. App. Oct. 28, 2009) (*quoting Gaines v. State*, 479 S.W.2d 678, 679 (Tex. Crim. App. 1972)).

## Conclusion

We affirm the trial court's judgment.

Lawrence M. Doss
Justice

Do not publish.