ACCEPTED
03-15-00222-CR
7547866
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/26/2015 6:04:32 PM
JEFFREY D. KYLE
CLERK

**No. 03-15-00222-CR**

In the
**COURT OF APPEALS**
For the
**THIRD SUPREME JUDICIAL DISTRICT**
at Austin

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/26/2015 6:04:32 PM
JEFFREY D. KYLE
Clerk

_____

On Appeal from the 277th Judicial District Court of
Williamson County, Texas
Cause Number 13-1923-K277

_____

**MONTE KEN ROSS, Appellant**
*v.*
**THE STATE OF TEXAS, Appellee**

_____

***ANDERS* BRIEF IN SUPPORT**
**OF MOTION TO WITHDRAW**

_____

*Counsel for Appellant*
*Monte Ken Ross*

**KRISTEN JERNIGAN**
ATTORNEY AT LAW
STATE BAR NUMBER 90001898
207 S. AUSTIN AVE.
GEORGETOWN, TEXAS 78626
(512) 904-0123
(512) 931-3650 (FAX)
Kristen@txcrimapp.com

# IDENTIFICATION OF PARTIES

Pursuant to Texas Rule of Appellate Procedure 38.1, a complete list of the names of all interested parties is provided below so the members of this Honorable Court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of this case.

**Appellant:**

Monte Ken Ross

**Counsel for Appellant**:

Cesar Rodriguez (at trial)                    Marc Ranc (at trial)
812 San Antonio                               1307 Nueces Street
Austin, Texas 78701                           Austin, Texas 78701

Kristen Jernigan (on appeal)
207 S. Austin Ave.
Georgetown, Texas 78626

**Counsel for Appellee, The State of Texas:**

Lytza Rojas (at trial)
Josh Reno (at trial)
John Prezas (on appeal)
Williamson County
Assistant District Attorneys
405 Martin Luther King
Georgetown, Texas 78626

**Trial Court Judge:**

The Honorable Stacey Mathews
277th Judicial District Court

# TABLE OF CONTENTS

IDENTIFICATION OF PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .iv

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

ISSUE PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

PROFESSIONAL EVALUATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

POTENTIAL ERRORS CONSIDERED . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

NOTICE TO APPELLANT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

CERTIFICATE OF WORD COUNT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

# INDEX OF AUTHORITIES

**FEDERAL CASES**

*Anders v. California*, 386 U.S. 738 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7, 8

*McCoy v. Court of Appeals of Wisconsin, District I*, 486 U.S. 429 (1988). . . . . . . .8

**TEXAS CASES**

*Dinnery v. State*, 592 S.W.2d 343 (Tex. Crim. App. 1980). . . . . . . . . . . . . . . . . . 10

*Gaines v. State*, 479 S.W.2d 678 (Tex. Crim. App. 1972) . . . . . . . . . . . . . . . . . .13

*Hawkins v. State*, 112 S.W.3d 340 (Tex. App. - Corpus Christi 2003) . . . . . . . . . . 9

*Jordan v. State,* 495 S.W.2d 949 (Tex. Crim. App. 1973) . . . . . . . . . . . . . . . . . .13

*Mitchell v. State*, 931 S.W.2d 950 (Tex. Crim. App. 1996) . . . . . . . . . . . . . . . . . .12

*Montgomery v. State*, 810 S.W.2d 372 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . .12

*Samuel v. State*, 477 S.W.2d 611 (Tex. Crim. App. 1972) . . . . . . . . . . . . . . . . . .13

*Wilson v. State*, 40 S.W.3d 192 (Tex. App. – Texarkana 2001). . . . . . . . . . . . . . . 8

**STATUTES AND RULES**

TEX. CODE CRIM. PRO. 37.07 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

TEX. CODE CRIM. PRO. 57.02 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5, 6

TEX. PENAL CODE § 3.03 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

TEX. PENAL CODE § 43.26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9, 10

TEX. R. APP. P. 33.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

TEX. R. APP. P. 38.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TEX. R. APP. P. 39.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Texas Rule of Appellate Procedure 39.1, Oral argument is not applicable in the present case.

**No. 03-15-00222-CR**

In the
**COURT OF APPEALS**
for the
**THIRD SUPREME JUDICIAL DISTRICT**
at Austin

———————————————————————

On Appeal from the 277th Judicial District Court of
Williamson County, Texas
Cause Number 13-1923-K277

———————————————————————

**MONTE KEN ROSS, Appellant**
*v.*
**THE STATE OF TEXAS, Appellee**

———————————————————————

*ANDERS* **BRIEF IN SUPPORT**
**OF MOTION TO WITHDRAW AS COUNSEL**

———————————————————————

## STATEMENT OF THE CASE

On January 22, 2014, Appellant was indicted for two counts of the felony offense of possession of child pornography.[1]  (CR: 13).  On January 6, 2015, Appellant was re-indicted on thirteen counts of possession of child pornography. (CR: 51-55).  On March 23, 2015, Appellant entered a plea of guilty to the allegations in the indictment and on March 24, 2015, a jury found Appellant guilty

_____

[1] Appellant was re-indicted on September 25, 2014.  (CR: 105, 108).  The indictment included more specific language regarding the manner and means of the commission of the offense. (CR: 87).

1

of those offenses. (CR: 81-94); (RR7: 15). The jury assessed Appellant's punishment at ten years in prison on each count. (CR: 101-126). The trial court "stacked" five of Appellant's ten-year sentences and ordered them to run consecutively. (CR: 131-154). Appellant timely filed notice of appeal on April 9, 2015. (CR: 181). This appeal results.

## STATEMENT OF FACTS

After voir dire, Appellant made the decision to enter a plea of guilty and have the jury assess punishment on all thirteen counts of the offense of possession of child pornography as alleged in the indictment. (RR7: 15). After determining Appellant was a United States citizen, that he reads and writes the English language, and that he has no history of mental illness, the Court advised Appellant as to the proper range of punishment. (RR7: 15-16, 19-20). Appellant was admonished regarding sex offender registration requirements and the fact that his sentences could be ordered to run consecutively. (RR7: 20-24). Appellant then knowingly and voluntarily entered guilty pleas in front of the jury after arraignment. (RR7: 37-38). The jury found Appellant guilty on all counts and the punishment phase of the trial commenced. (RR7: 51).

At the punishment phase of trial, Paul Horn, a detective investigator with the Texas Attorney General's Office testified that on October 29, 2013, a search

2

warrant was executed at Appellant's apartment and numerous SD cards, flash drives, CDs, DVDs, a cell phone, a web camera, a modem, and computers were seized. (RR7: 70-77, 81-85).

Dave Szyperski, a computer forensics analyst with the Texas Attorney General's Office testified that he was assigned to this case in January 2014 and he analyzed a desktop computer, a laptop computer, a thumb drive, and a cell phone. (RR7: 112-14, 117). During his review of those items, which were entered into evidence as items seized pursuant to the search warrant in this case, Szyperski discovered eighty-nine images of child pornography. (RR7: 117-18). Those images were then showed to the jury. (RR7: 118-142).

Wesley Hensley, an investigator with the Texas Attorney General's Office, testified that based on his investigation in this case, he obtained a search warrant for Appellant's home. (RR7: 164). When the search warrant was executed, Hensley took Appellant out to his Hensley's vehicle and videotaped a conversation between himself and Appellant. (RR7: 168). Hensley stated that Appellant was not under arrest, but Hensley read him his *Miranda*[2] warnings anyway and Appellant cooperated in giving a statement. (RR7: 168). That statement was then played before the jury. (RR7: 171). Hensley and his team then reviewed

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

digital media obtained from Appellant's home which contained images of child pornography including images of children engaged in actual and simulated sexual intercourse, deviant sexual intercourse, masturbation, and lewd exhibition of genitals. (RR7: 171-74). The jury was shown videos, obtained from Appellant's home, in which a ten to twelve year-old girl masturbates and is sexually assaulted by an adult male. (RR7: 177-81). The jury was also shown photographs, also collected from Appellant's home, which depict young, nude girls. (RR7: 183-90). In two of the photographs, the girls are being sexually assaulted by an adult male. (RR7: 183-90).

Darrell Boydston, a retired police officer from the Austin Police Department, testified that in August of 1989 he was an investigator of crimes against children. (RR8: 15-16). The manager of a Fox Photo lab contacted the police and reported that a man had dropped off some film for processing which contained images of nude children. (RR8: 16-17). Boydston waited for the man to return to pick up the photographs and when he did, Appellant was identified as the man who dropped off the film. (RR8: 18). Boydston then arrested Appellant who told Boydston who the children in the photographs were. (RR8: 18-20). There were four children in the photographs who were fourteen, ten, eight, and five years old. (RR8: 20-21).

M.L.G.T.[3] testified that in 1989, she was either ten or eleven years old and lived with her mother, stepfather, and six siblings. (RR8: 28-29). They lived approximately one mile from Appellant in Burnet County. (RR8: 30-31). Appellant told M.L.G.T. and her family that he was a photographer and once took a family picture of them. (RR8: 31). Appellant had a large home and bought clothes for the children, took them to church and let them play at his home. (RR8: 31-32). Eventually, Appellant began showing slides of his nudist lifestyle to the older children. (RR8: 35-36). Appellant even took M.L.G.T. and two of her siblings camping at a nudist campsite. (RR8: 37). Appellant then began taking pictures of M.L.G.T. and her siblings in the nude. (RR8: 39).

E.B.[4] testified that she is M.L.G.T.'s sister and would also go to Appellant's home to play. (RR8: 51-52). She and her siblings would ride Appellant's horses and do other "fun activities" in the nude at Appellant's direction. (RR8: 51-52). Appellant also took E.B. to the nudist camp with some of her siblings. (RR8: 53).

---

[3] Since the witness was a child at the time of the alleged extraneous conduct in this case, she will be referred to by her initials pursuant to Texas Code of Criminal Procedure Article 57.02.

[4] Since the witness was a child at the time of the alleged extraneous conduct in this case, she will be referred to by her initials pursuant to Texas Code of Criminal Procedure Article 57.02.

K.S.[5] testified that Appellant is her father and that when she was a child, she went on a camping trip with her father and some friends from church. (RR8: 78). K.S. was eight or nine years old and instructed K.S. to walk around nude. (RR8: 80). After the camping trip, Appellant began exposing himself to K.S., showing her nude pictures of himself, and taking nude pictures of her. (RR8: 82-83). On one occasion, Appellant kissed her and touched her vagina. (RR8: 84-85). Appellant's behavior continued until K.S. was a teenager and rejected him. (RR8: 92-94). In retaliation, Appellant ran over K.S.'s pet goat with his truck. (RR4: 93-94). At the close of K.S.'s testimony, the State rested its case on punishment. (RR8: 109-10).

Dr. Aaron Pierce, a licensed professional counselor and licensed sex offender treatment provider, testified that he conducted an evaluation on Appellant to determine his risk for committing future sexual offenses, his risk for committing general and/or violent offenses, and his prognosis. (RR8: 115). Using peer-reviewed, established testing methods, Dr. Pierce determined that Appellant was at low risk for committing any general or violent offenses. (RR8: 117-18). Dr. Pierce determined Appellant was at moderate risk for committing future sexual offenses, but shared that the risk could be lowered with treatment such as

---

5 Since the witness was a child at the time of the alleged extraneous conduct in this case, she will be referred to by her initials pursuant to Texas Code of Criminal Procedure Article 57.02.

psychotherapy. (RR8: 119-20, 129-30). Dr. Pierce explained that a person sentenced to prison would not receive treatment until right before release whereas a person on probation would receive treatment immediately. (RR8: 123-24).

Michael Vohs, a probation officer assigned to the 277th District Court in Williamson County, explained to the jury the numerous conditions of probation for regular probationers as well as probationers placed in the sex offender treatment program. (RR8: 159-60). At the close of Vohs's testimony, Appellant rested his case on punishment. (RR8: 184).

## ISSUE PRESENTED

**Whether the Instant Appeal Is Frivolous and Without Merit, Such That the Undersigned Should Withdraw as Counsel.**

A criminal defense attorney's duty is to zealously represent the interests of his or her client on appeal. *Anders v. California*, 386 U.S. 738, 744 (1967). If the appointed attorney finds the "case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Anders*, 386 U.S. at 744.

Both retained and appointed appellate attorneys have a "duty to withdraw" as counsel when they conclude that an appeal would be frivolous, but appointed counsel "is presented with a dilemma because withdrawal is not possible without leave of court, and advising the court of counsel's opinion that the appeal is

7

frivolous would appear to conflict with the advocate's duty to the client." *McCoy v. Court of Appeals of Wisconsin, District I*, 486 U.S. 429, 437 (1988). "It is well settled, however, that this dilemma must be resolved by informing the court of counsel's conclusion." *Id.* "Under *Anders* and its progeny, if an appointed attorney concludes that his client's appeal is without merit, he or she must (1) so inform the court, (2) seek permission to withdraw, and (3) file a brief 'referring to anything in the record that might arguably support the appeal.'" *Wilson v. State*, 40 S.W.3d 192, 196 (Tex. App. - Texarkana 2001).

As the Supreme Court explained, the attorney's motion to withdraw must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. *Anders*, 386 U.S. at 744. A copy of counsel's brief should be provided to the Appellant and time should be allowed for him to raise any points that he chooses. *Id.* Then, the Court, and not counsel, decides, after a full examination of all the proceedings, whether the case is wholly frivolous. *Id.* If it so finds, it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. *Anders*, 386 U.S. at 744. In Texas, an *Anders* brief need not specifically advance "arguable" points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out

8

pertinent legal authorities. *See Hawkins v. State,* 112 S.W.3d 340, 343-344 (Tex. App.–Corpus Christi 2003). The attorney's duty to withdraw is based upon his or her professional and ethical responsibilities as an officer of the court not to burden the judicial system with false claims, frivolous pleadings, or burdensome time demands. *McCoy*, 486 U.S. at 436. The Supreme Court instructs: "Neither paid nor appointed counsel may deliberately mislead the court with respect to either the facts or the law, or consume the time and the energies of the court or the opposing party by advancing frivolous arguments. An attorney, whether appointed or paid, is therefore under an ethical obligation to refuse to prosecute a frivolous appeal." *Id.*

## PROFESSONAL EVALUATION

Counsel would respectfully show the Court of Appeals that the instant appeal is frivolous and without merit, for the following reasons:

The trial court had jurisdiction over the present felony case and venue was proper in Williamson County, where the offenses were alleged to have occurred. Appellant pleaded guilty to all thirteen offenses alleged in the indictment, namely: possession of child pornography. TEX. PENAL CODE § 43.26(a). The punishment for those offenses, as alleged in the indictment, is two to ten years in prison. TEX. PENAL CODE § 43.26(d). The jury sentenced Appellant to ten years

9

in prison for each count which is within the statutory range of punishment. TEX. PENAL CODE § 43.26(d). The Court was within its statutory authority to cumulate five of Appellant's sentences pursuant to Texas Penal Code Section 3.03.

## POTENTIAL ERRORS CONSIDERED BY COUNSEL

Counsel considered the following point of errors on appeal:

(1)     Whether the evidence was sufficient to support Appellant's conviction for possession of child pornography.

It is counsel's opinion that the evidence in this case was sufficient to support Appellant's conviction because Appellant entered a guilty plea to the offenses alleged in the indictment before the jury. It is well-settled that a judicial confession, standing alone, is sufficient to support a defendant's conviction. *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1980).

(2)     Whether images of child pornography extraneous to the allegations in this indictment were admitted without notice.

It is counsel's opinion that Appellant did not preserve error with respect to his contention that he did not receive notice of extraneous offense evidence. Appellant objected that the State's 404(b) notice did not contain approximately eighty images of child pornography seized from Appellant's home and therefore, the images should not have been admitted before the jury. (RR7: 125-26). The State responded that those images were included within the original case report

which was tendered to defense counsel and counsel was shown the photographs in a meeting with prosecutors. (RR7: 125-27). Defense counsel responded, "I did have notice of the report. I did –." (RR7: 126). Appellant conceded that he did have notice of the evidence he originally contended he did not have notice of. Therefore, no objection was preserved for appeal. *See* TEX. R. APP. P. 33.1(h).

> (3) Whether extraneous offense evidence was admissible at the punishment phase of trial.

It is counsel's opinion that extraneous offense evidence was admissible at the punishment phase of trial pursuant to Texas Code of Criminal Procedure Article 37.07, Section 3(a). The State attempted to admit evidence of a judgment from 1990 in which Appellant was placed on deferred adjudication probation for the offense of indecency with a child. (RR8: 3-8). The trial court ruled that since the judgment was never a final conviction, and because of the remoteness, the judgment was inadmissible. (RR8: 8). The Court ruled, however, that the officer involved in the extraneous conduct, as well as the victims of the extraneous conduct could testify since the extraneous conduct in question was child pornography, the same offense for which Appellant pled guilty to in this cause. Appellant objected but stated, "I mean, understand if the Court is going to let the children testify because it's an extraneous conduct that they feel is necessary. I would still object to that . . ." (RR8: 9). Texas Code of Criminal Procedure

11

Article 37.07 Section 3(a)(1) states:

> Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX. CODE CRIM. PRO. Art. 37.07.

Here, the Court made a determination that the extraneous evidence in question was relevant because it involved the same exact offense alleged in the present case. The Court's decision is subject to an abuse of discretion standard. *See Mitchell v. State*, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996). As long as the trial court's ruling was at least within the zone of reasonable disagreement, a reviewing Court cannot intercede. *See Montgomery v. State*, 810 S.W.2d 372, 391 (1990). Counsel cannot proffer to this Court that that the trial judge's ruling was an abuse of discretion outside the zone of reasonable disagreement.

(4) Whether Appellant's sentence exceeded the proper range of punishment.

It is counsel's opinion that the punishment assessed was not excessive because Appellant's punishment fell within the statutory punishment range for the offense alleged. In addition, the trial court was within its statutory authority to cumulate five of Appellant's thirteen sentences. TEX. PENAL CODE § 3.03. A punishment which falls within the statutory range is not excessive, cruel, or unusual. *Gaines v. State*, 479 S.W.2d 678, 679 (Tex. Crim. App. 1972). *See also Jordan v. State* 495 S.W.2d 949, 952 Tex. Crim. App. 1973; *Samuel v. State*, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972).

## CONCLUSION

There are no points of error, which, in good conscience, could be raised in this appeal.

## NOTICE TO APPELLANT

The undersigned has forwarded a copy of this motion to withdraw and a letter explaining Appellant's rights, as well as the procedures to be followed when a brief is filed by counsel indicating that the appeal is frivolous and without merit, to Appellant. The letter also informs Appellant of his right to file a *pro se* petition for discretionary review. In addition to the letter, the undersigned has also forwarded to Appellant a Motion for *Pro Se* Access to the Appellate Record

13

so that Appellant can obtain the necessary records to file a brief, should he choose to do so. A true and correct copy of such letter is attached hereto.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Kristen Jernigan, court-appointed counsel for Appellant in the above styled and numbered cause respectfully prays that, after providing Appellant an opportunity to submit a *pro se* brief, this Honorable Court of Appeals will review the appellate record to make an independent determination of whether there are grounds upon which to appeal. The undersigned also prays that the Court will grant this motion to withdraw.

Respectfully submitted,

____/s/ Kristen Jernigan_____
KRISTEN JERNIGAN
State Bar Number 90001898
207 S. Austin Ave.
Georgetown, Texas 78626
(512) 904-0123
(512) 931-3650 (fax)
Kristen@txcrimapp.com

14

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing *Anders* Brief in Support of Motion to Withdraw as Counsel has been emailed to the Appellate Attorney for the Williamson County District Attorney's Office, John Prezas, at jprezas@wilco.org on October 26, 2015.

_____/s/ Kristen Jernigan_____
Kristen Jernigan

**CERTIFICATE OF WORD COUNT**

The undersigned hereby certifies that the foregoing document consists of 4,327 words in compliance with Texas Rule of Appellate Procedure 9.4.

_____/s/ Kristen Jernigan_____
Kristen Jernigan

15

In the
**COURT OF APPEALS**
For the
**THIRD SUPREME JUDICIAL DISTRICT**
at Austin

_____

On Appeal from the 277th Judicial District Court of
Williamson County, Texas
Cause Number 13-1923-K277

_____

**MONTE KEN ROSS, Appellant**
*v.*
**THE STATE OF TEXAS, Appellee**

_____

**CERTIFICATE OF COUNSEL**
_____

In compliance with the requirements of *Anders v. California*, 386 U.S. 378 (1967), I, Kristen Jernigan, court-appointed counsel for appellant, Monte Ken Ross, in the above-referenced appeal, do hereby verify, in writing, to the Court that I have:

1. notified appellant that I filed a motion to withdraw as counsel with an accompanying Anders brief, and provided a copy of each to appellant;

2. informed appellant of his right to file a *pro se* response identifying what he believes to be meritorious grounds to be raised in his appeal, should he so

16

desire;

3. advised appellant of his right to review the appellate record, should he wish to do so, preparatory to filing that response;

4. explained the process for obtaining the appellate record, provided a Motion for *Pro Se* Access to the Appellate Record lacking only appellant's signature and the date, and provided the mailing address for this Court; and

5. informed appellant of his right to seek discretionary review pro se should this Court declare his appeal frivolous.

Respectfully submitted,

/s/ Kristen Jernigan

_____

Kristen Jernigan

# KRISTEN JERNIGAN
## ATTORNEY AT LAW
## 207 S. AUSTIN AVE., GEORGETOWN, TEXAS 78626
## (512) 904-0123 (OFFICE)     (512) 931-3650 (FAX)
## KRISTEN@TXCRIMAPP.COM

October 26, 2015

Monte Ken Ross
TDCJ ID No. 01990706
Pack I Unit
2400 Wallace Pack Road
Navasota, Texas 77868

VIA CERTIFIED MAIL

Dear Mr. Ross:

Enclosed, please find a copy of the *Anders* Brief and Motion to Withdraw as Counsel I have prepared and filed in your case. After a diligent search of both the Clerk's Record and the Reporter's Record in your case and the applicable law, it is my opinion that no reversible error occurred during your trial.

Whenever appellate counsel files a motion such as this, the law provides the Appellant the right to review the record of the proceedings and file any brief which he or she deems necessary. Because I have submitted such a brief, you now have the right to review the record of your trial and file any brief which you deem necessary.

In order to obtain the appellate record to prepare your brief, I have attached a Motion for Pro Se Access to the Appellate Record for you to file. You must sign and date the motion and mail it to the Court of Appeals within ten days of the date of this letter to this address:

Third Court of Appeals:

Jeffrey D. Kyle
Clerk, Third Court of Appeals
Post Office Box 12547
Austin, Texas 78711

Should the Court of Appeals ultimately rule your appeal was frivolous, and affirm your conviction and sentence, you may file a *Pro Se* Petition for Discretionary Review with the Texas Court of Criminal Appeals. The address to file your petition is:

Texas Court of Criminal Appeals:

Hon. Abel Acosta
Clerk of The Court
Texas Court of Criminal Appeals
P.O. Box 12308
Austin, Texas 78711

You must file your petition within thirty days of the date of the Court of Appeals' opinion or request an extension of time to file your petition. Be sure to attach a copy of the Court's opinion to your petition should you choose to file one.

Feel free to write me if you have any questions. I will do my best to answer any questions you may have.

Sincerely,

/s/ Kristen Jernigan

Kristen Jernigan

**No. 03-15-00222-CR**

In the
**COURT OF APPEALS**
For the
**THIRD SUPREME JUDICIAL DISTRICT**
at Austin

_____

On Appeal from the 277th Judicial District Court of
Williamson County, Texas
Cause Number 13-1923-277

_____

**MONTE KEN ROSS, Appellant**
*v.*
**THE STATE OF TEXAS, Appellee**

_____

**MOTION FOR *PRO SE* ACCESS TO APPELLATE RECORD**
_____

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

COMES NOW, Monte Ken Ross, Appellant herein, and files this, his Motion for *Pro Se* Access to Appellate Record. In support of said motion, Appellant would show the Court the following:

Appointed Counsel for Appellant has filed an *Anders* Brief and Motion to Withdraw. Pursuant to the Texas Court of Criminal Appeals' recent decision in *Kelly v. State*, No. PD-0702-13 (Delivered June 25, 2014), Appellant now requests access to the appellate record for the preparation of his *pro se* response.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Appellant respectfully requests that this Court grant his Motion for *Pro Se* Access to the Appellate Record.

Respectfully submitted,

_____

Monte Ken Ross

DATE:_____